## SPENCE v. STATE.

[95 South. 97.   No. 23026.]

1. INCEST. *Evidence held sufficient.*

Evidence *held* sufficient to support a verdict finding defendant guilty of incest or having carnal knowledge of his stepdaughter.

2. CRIMINAL LAW. *Assignment of error not sustained in absence of objection or prejudice.*

An asssignment of error, complaining that the report of the grand jury was read in the presence of some of the jurors, will not be sustained, when there was no objection at the time, and the record does not show prejudice.

APPEAL from circuit court of Walthall county.

HON. D. M. MILLER, Judge.

Marcus Spence was convicted of having carnal knowledge of his stepdaughter, and he appeals. Affirmed.

*Luther W. Felder,* for appellant.

*H. T. Odom,* Assistant Attorney-General, for the State.

SYKES, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of incest, or having carnal knowledge of his stepdaughter, Beulah Neighbors, a young girl between twelve and thirteen years of age. Sections 756 and 2550, Hemingway's Code; sections 1031 and 3243, Code of 1906. He was sentenced to serve a term of ten years in the state penitentiary, from which judgment this appeal is here prosecuted.

It is contended by the appellant that the facts are insufficient to sustain a conviction. A peremptory instruction to find him not guilty was refused in the circuit court. It therefore becomes necessary to briefly state the material facts. The girl, Beulah Neighbors, was the daughter of

the wife of the appellant, and was living with them. One Monday morning, about eight or nine o'clock, Jerry Bullock went to the home of the defendant, walked up to a window and looked through and saw the defendant lying on the bed with his trousers off and his shirt up, on top of Beulah Neighbors. He states that, from what he could see and the action of appellant, he and the girl were having sexual intercourse; that when the appellant discovered his presence at the window he made some remark, and the little girl got up and went out of the room; that the appellant then covered up with a sheet. On cross-examination this testimony was reiterated by this witness, with perhaps the qualification that to the best of his belief these parties were so engaged when he looked through the window. A witness for the defendant testified that Bullock told him he was not positive about the act, and thought it would be necessary for the girl to be examined by a physician. The appellant testified that he was lying on the bed with his clothes on reading the paper, and that the little girl was sitting on the bed reading the funny paper, or that they were reading some part of the paper together when Bullock came up. He denied the unlawful act. The girl was examined by a doctor, who testified that in his opinion she had had intercourse with a man within the last forty-eight hours. From this testimony the jury were amply warranted in returning a verdict of guilty.

Certain parts of the argument of the district attorney are assigned as error. It is unnecessary to pass upon the sufficiency of the exceptions to this argument. The only objection made to the argument, by counsel for appellant, was sustained by the court. If this argument were improper, it was not of such a character that the sustaining of the objection was not sufficient to prevent the jury from being misled.

It is also assigned as error that the circuit judge erred in allowing the report of the grand jury to be read in the presence of some of the jurors in this case. There was no objection, however, made at the time to the reading of this

report.   Neither does the record show that the defendant was in any wise prejudiced in the matter.

These are the only assignments of error argued in the brief of counsel.   We have, however, most carefully examined those assignments not argued, and given the entire record the most careful scrutiny.   We find no reversible error therein.

The judgment of the lower court is affirmed.

*Affirmed.*